Judge Pechman

04-CR-00494-PLAGR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR04-494P |
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| RUBEN LUIS LEON SHUMPERT, | |
| Defendant. | |

The United States of America, by and through John McKay, United States Attorney for the Western District of Washington, and William H. Redkey, Jr., Assistant United States Attorney for said District, and the defendant, RUBEN LUIS LEON SHUMPERT, and his attorney, James L. Vonasch, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):

1. **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charge contained in the Indictment: Felon in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document.

Defendant further understands that before entering his plea of guilty, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the government in a prosecution for perjury or false statement.

PLEA AGREEMENT/CR04-494P
(U.S. v. Shumpert) - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970

2. <u>Elements of the Offense</u>. The elements of the offense of Felon in Possession of a Firearm as charged in the Indictment, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), are as follows:

First, the defendant knowingly possessed a firearm;

Second, the firearm had been shipped or transported from one state to another; and

Third, at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

3. <u>The Penalties</u>. Defendant understands that the statutory penalties for the offense of Felon in Possession of a Firearm, as charged in the Indictment are as follows: imprisonment for up to Ten (10) Years, a fine of up to Two Hundred and Fifty Thousand Dollars ($250,000.00), a period of supervision following release from prison of between Two (2) and Three (3) Years, and a One Hundred Dollar ($100.00) penalty assessment. If defendant receives a sentence of probation, the probationary period could be up to five (5) years. Defendant agrees that the penalty assessment shall be paid at or before the time of sentencing.

Defendant understands that in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law. Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or

PLEA AGREEMENT/CR04-494P
(U.S. v. Shumpert) - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

more of its conditions, he could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

4. **Rights Waived by Pleading Guilty.** Defendant understands that, by pleading guilty, he knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty, and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of Defendant's peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d. The right to be presumed innocent until guilt has been established at trial, beyond a reasonable doubt;

    e. The right to confront and cross-examine witnesses against Defendant at trial;

    f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

    g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant;

    h. The right to appeal a finding of guilt or any pretrial rulings, unless Defendant has waived that right, as he has agreed to do in paragraph 12 of this Plea Agreement.

5. **United States Sentencing Guidelines.** Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances and of the offense(s); (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and

PLEA AGREEMENT/CR04-494P
(U.S. v. Shumpert) - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a. The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

    b. After consideration of the Sentencing Guidelines and the other factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties, or by the United States Probation Department; and

    d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6. <u>Ultimate Sentence</u>. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose, except as provided in paragraph 8, below, <u>Sentencing</u>.

7. <u>Statement of Facts</u>. The parties agree on the following facts in support of Defendant's guilty plea and sentencing. Defendant admits he is guilty of the charged offense and expressly waives any right to have these facts determined by a jury beyond a reasonable doubt.

On September 19, 2004, in Seattle, within the Western District of Washington, the defendant, RUBEN LUIS LEON SHUMPERT, personally delivered a gun to a person acting as a cooperating witness for the Federal Bureau of Investigation. The gun is described as a Bryco Arms .32 caliber semiautomatic pistol and six rounds of Speer .32 caliber ammunition.

PLEA AGREEMENT/CR04-494P
(U.S. v. Shumpert) - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The defendant had previously been twice convicted in King County (Washington) Superior Court of crimes punishable by imprisonment exceeding one year: Attempted Unlawful Possession of a Firearm in the Superior Court for the State of Washington, King County cause number 99-1-07861-2 SEA, on March 3, 2000; and Assault in the Second Degree in the Superior Court for the State of Washington, King County cause number 01-C-05234-5 SEA, on January 4, 2002.

According to an expert employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) who traced the origin of the firearm and ammunition, they were not manufactured in the State of Washington and therefore must have traveled in interstate commerce to be possessed by the defendant in Seattle. Another ATF expert has determined that the gun is a firearm as that term is defined under federal law, that is, it is designed to or is capable of expelling a projectile by the action of an explosive. Similarly, the ammunition was determined to meet the federal definition of ammunition, that is, it is ammunition designed for use in a firearm.

8. **Sentencing.** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties acknowledge and agree that the appropriate sentence of imprisonment to be imposed by the Court at the time of sentencing is a term of twenty four (24) to thirty (30) months. If the sentencing court does not adopt the agreement of the parties with regard to the appropriate sentence, both the defendant and the United States reserve the right to withdraw from this agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and to proceed to trial. No other agreement has been made with regard to the imposition of the sentence in this matter, and the parties understand that the Court retains full discretion with regard to the imposition of a term of supervised release, the conditions of supervised release, fines, forfeiture or restitution as may be applicable.

*The United States agrees to recommend to the court that it give Defendant credit for the time he served in local custody on unrelated charges, but during which time a federal arrest warrant was lodged as a detainer with the King County Jail, a period of approximately 143 days.*

9. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees to ~~move to dismiss the remaining count in the Indictment at the time of sentencing and~~ not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, or that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes that the

PLEA AGREEMENT/CR04-494P
(U.S. v. Shumpert) - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

United States has agreed not to prosecute all of the criminal charges that the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant acknowledges and agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all relevant conduct committed by Defendant.

Defendant agrees and acknowledges that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119(1997).

10. <u>Acceptance of Responsibility</u>. The United States acknowledges that Defendant has assisted the United States by timely notifying the authorities of his intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently. If at the time of sentencing, the United States remains satisfied that Defendant has accepted responsibility, then it will recommend a sentence that takes this acceptance of responsibility into consideration. Defendant understands and agrees that the United States will base its recommendation on factors set forth in the United States Sentencing Guidelines, including Section 3E1.1.

11. <u>Forfeiture of Contraband</u>. Defendant also agrees that if any firearms or illegal contraband were seized by any law enforcement agency from the possession of Defendant, or that were in the direct or indirect control of Defendant, then he consents to the administrative forfeiture, official use and/or destruction of said firearms or contraband by any law enforcement agency involved in the seizure of these items.

12. <u>Waiver of Appeal</u>. Defendant is aware that 18 U.S.C. § 3742 gives the right to appeal the sentence to be imposed, and that other federal statutes give Defendant the right to appeal other aspects of the conviction. In consideration of the United States's

PLEA AGREEMENT/CR04-494P
(U.S. v. Shumpert) - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

agreement not to file a sentencing enhancement, Defendant knowingly and voluntarily agrees to waive the following rights:

    a. The right, conferred by 18 U.S.C. § 3742, to appeal the sentence imposed by the Court;

    b. The right to appeal any aspect of Defendant's conviction, including any pretrial suppression matters or other pretrial dispositions of motions and other issues; and

    c. The right to bring any collateral attack against Defendant's conviction or sentence, except as it may relate to the effectiveness of legal representation.

13. <u>Voluntariness of Plea</u>. Defendant acknowledges that he has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

14. <u>Statute of Limitations</u>. In the event that this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

15. <u>Post-Plea Conduct</u>. Defendant understands that the terms of this Plea Agreement apply only to conduct that occurred prior to the execution of this Agreement. If, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of his conditions of release (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer or Court), the United States is free under this Agreement to seek a sentence that takes such conduct into consideration. Such a sentence

PLEA AGREEMENT/CR04-494P
(U.S. v. Shumpert) - 7

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970

could include, to the extent the United States Sentencing Guidelines are applicable, a sentencing enhancement or upward departure.

16. <u>Completeness of Agreement.</u>   The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement only binds the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 9th day of December, 2005.

_____
RUBEN LUIS LEON SHUMPERT
Defendant

_____
JAMES L. VONASCH
Attorney for Defendant

_____
WILLIAM H. REDKEY, JR.
Assistant United States Attorney

PLEA AGREEMENT/CR04-494P
(U.S. v. Shumpert) - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970