Judge Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | NO.  CR04-494MJP |
| | ) | CR04-495MJP |
| v. | ) | |
| | ) | GOVERNMENT'S |
| RUBEN LUIS LEON SHUMPERT, | ) | SENTENCING MEMORANDUM |
| | ) | |
| Defendant. | ) | |
| | ) | |

Comes now the United States of America, by and through John McKay, United States Attorney for the Western District of Washington, and William H. Redkey, Jr., Assistant United States Attorney for said District, and submits the Government's Sentencing Memorandum in the above-entitled cause.

## I.    INTRODUCTION

Defendant Ruben Luis Leon Shumpert is before the court for sentencing following his plea of guilty on December 9, 2005, to Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and Transferring Counterfeit U.S. Currency, in violation of 18 U.S.C. § 473.  He is scheduled to be sentenced at 11:15 a.m., on July 9, 2006.

## II.    PRESENTENCE REPORT

The Government has no objection to the facts or the guidelines calculations contained in the U.S. Probation Office's Presentence Reports.

### III.   PLEA AGREEMENT

The plea agreements in these cases are identical in all important respects.  The salient feature of each is that the parties stipulate pursuant to Fed. R. Crim. P. 11(c)(1)(c) that the appropriate sentence of imprisonment is in the range of 24-30 months, with credit for 143 days time served in King County Jail while the federal warrants served as detainers.  The otherwise applicable guideline range is 37-46 months.

### IV.  BACKGROUND

This case began based on information that a group of men in the Rainier Valley in Seattle professed to be followers of the Muslim faith and spoke in bellicose terms using jihad rhetoric.  Concerned that the group might pose a security threat to the interests of the United States, the FBI initiated an investigation using confidential sources to form associations with the group members and to report their observations to the FBI.

Over a period of about two years, the sources continued to report and to develop criminal cases against the group.  Fortunately, it was eventually determined that individuals in the group were unable or unwilling to engage in acts of terrorism.  However, several individuals were indicted for bank fraud, others for document fraud, and still others for firearms violations.  The defendant fell into the latter group.

As the investigation unfolded, it became clear that the defendant fancied himself the leader of the group.  He operated the Crescent Cuts Barber Shop, first in the north end of the Rainier Valley and then later farther south in the Rainier Valley of Seattle.  The shop served as a casual meeting place for the group and like-minded individuals, mostly African American men with criminal histories who had converted to Islam, either in prison or after contact later with prison converts.  According to the FBI sources, the conversations at the barber shop often turned to militancy and the need to be ready for jihad against the "kafir," or non-believers.  The acquisition of firearms was a frequent topic of conversation in that connection.  The defendant not only

GOVERNMENT'S SENTENCING MEMORANDUM/
U.S. v SHUMPERT (CR04-494/495MJP) - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington  98101
(206) 553-7970

1    supplied a firearm to one source, the payment for which occurred at the barber shop,

2    he personally advanced $700 for the purchase of a firearm by another source.  On one

3    occasion, a source saw a SKS rifle magazine in the barber shop.

4       Conversations in the defendant's shop also featured open support for jihad, as

5    well as the desire and duty of Muslims to travel to Iraq, Sudan and Afghanistan to fight

6    alongside their Muslim brothers.  In addition, there were frequent derogatory

7    references to Jews.  Finally, the defendant maintained in his computer in the barber

8    shop several jihad motivational DVDs which he encouraged others to view.  If

9    youngsters came in to play video games he would encourage them first to view the

10    motivational DVDs.   The subject matter of the DVDs included a glowing tribute to the

11    "19 Martyrs," referring to the 9-11 terrorists; a "Dirty Kafir" rap song in which the

12    performers urged "jihad against the Crusaders," "send the U.S. home in body bags"

13    and "be prepared to fight the infidels;" six Chechen productions one of which showed

14    the assembly of a roadside bomb and featuring very graphic film of mangled corpses;

15    and other DVDs urging the massacre of "unclean unbelievers," graphic footage of pro-

16    Palestinian propaganda entitled "Ideal Terrorism;" and other DVDs which encouraged

17    killing of "kafir," meaning those who are not Muslims.

18       Moreover, the sources reported that the defendant encouraged an atmosphere of

19    violence to pervade the barber shop.  Anyone who disagreed with the defendant were

20    threatened and intimidated.  In one instance, a man and his wife, who were the owners

21    of a restaurant located below the second story barber shop, were assaulted by thugs

22    incited by the defendant because they were not perceived to be "good Muslims."

23    Another individual reported that the defendant twice beat him up for an imagined slight.

24    The defendant in his leadership role maintained contacts with local gangs such as the

25    Deuce 8's and the United Latinos.

26       While in custody at the FDC pending sentencing, the defendant attempted to

27    obtain the support of racial, religious and civil rights groups by falsely claiming that his

28    prosecution was motivated by bias or prejudice, when he well knew that was not the

GOVERNMENT'S SENTENCING MEMORANDUM/
U.S. v SHUMPERT (CR04-494/495MJP) - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON  98101
(206) 553-7970

case.  And in recorded conversations from the FDC, in reference to one of the sources he said that he was going to hit someone in the mouth when released from custody.  He also said in reference to his militant leadership that when released he was going to do it over again "bigger and badder."

So, although the FBI ultimately determined that no violation of the federal terrorism statutes occurred, it is clear that the agency was rightly concerned throughout its investigation with what was happening at the Crescent Cuts Barber Shop and with the defendant's leadership in what was a potentially dangerous group.

## V.    SENTENCING FACTORS

The U.S. Probation Office's Presentence Report accurately sets out the pertinent facts relating to this case, but a few facts bear emphasis.

With respect to the firearm offense, the defendant has suggested that he is entitled to the benefit of imperfect entrapment at sentencing, although he acknowledges that he was not entrapped to provide the gun to the FBI source.  The facts simply do not support his argument.  It is important to note that the intent of the FBI agents in contacting the defendant was to have him put the FBI source in touch for tactical reasons with another FBI source who could supply a gun; it was not the intent to target the defendant himself.  The defendant made the decision to provide the gun himself rather than to simply introduce the source to someone else.  It is a fair inference that the defendant was motivated at least in part by money, and in part by a desire to appear to be a person who could make things happen.  And although it is true that he was initially reluctant to provide a gun to the source - not because the defendant was a convicted felon, but because he wasn't sure it was wise or necessary for the source to have a gun -  he eventually did so without reservation.  It is untrue, however, as the transcripts of their conversations attest, that the source appealed to the defendant's religious principles to overcome his reservations.

With respect to the counterfeiting offense, the defendant readily admits his culpability, but his motive in providing the currency is unclear, leaving investigators to

GOVERNMENT'S SENTENCING MEMORANDUM/
U.S. v  SHUMPERT (CR04-494/495MJP) - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON  98101
(206) 553-7970

1 speculate as to whether he provided the counterfeit currency in order to strike a

2 misguided blow at the country's financial stability for religious or political reasons, or

3 to bolster his image in his like-minded peers, or simply for the money.

4 **VI.    SENTENCING RECOMMENDATION**

5        For the foregoing reasons, and in consideration of the seriousness of the offenses,

6 we recommend that the court impose a term of imprisonment of 30 months.

7        DATED this 18th day of July, 2006.

8                                          Respectfully submitted,

9                                          JOHN McKAY
                                           United States Attorney

10

11                                         s/ *William H. Redkey, Jr.*
                                           WILLIAM H. REDKEY, JR.

12                                         Assistant United States Attorney
                                           WA Bar #7734

13                                         700 Stewart Street, Suite 5220
                                           Seattle, WA  98101

14                                         Telephone:   (206) 553-1206
                                           Fax:         (206) 553-4986

15                                         E-mail:  william.redkey@usdoj.gov

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on ___July 18___, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing  to the attorney of record for the defendant.  I hereby certify that I have served the attorney of record for the defendant that are non CM/ECF participants via telefax.

s/ *Cheryl E. Walkden*
CHERYL E. WALKDEN
Paralegal Specialist
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone:   (206) 553-1511
FAX:     (206) 553-0755
E-mail:  Cheryl.Walkden@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM/
U.S. v  SHUMPERT (CR04-494/495MJP) - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON  98101
(206) 553-7970